UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ammar Harris,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Aaron Ford,<br><br>　　　　　Defendant. | Case No. 2:21-cv-02233-JAD-DJA<br><br>**Order** |

After this Court informed Plaintiff Ammar Harris that he must either apply to proceed *in forma pauperis* or pay the full filing fee to initiate his case, Plaintiff moved for reconsideration. (ECF No. 4). Plaintiff asserted that he is not required to pay the filing fee or apply to proceed *in forma pauperis* because he "is relying on 28 U.S.C. § 1331, 1343 and not 42 U.S.C. § 1983 which requires such fee." (*Id.*). Plaintiff also moved for clarification regarding his motion to reconsider, stating that he "is also relying on, *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056…" (ECF No. 5). Because the Court finds that Plaintiff is required to either pay the filing fee or apply to proceed *in forma pauperis* regardless of what statute he asserts Defendant violated, it denies his motion for reconsideration. Because the Court finds that Plaintiff is seeking to supplement his motion for reconsideration by filing his motion for clarification, but that the supplement would not change the Court's decision, the Court denies Plaintiff's motion for clarification. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Discussion.**

　　　　**A.     *The Court denies Plaintiff's motion for reconsideration*.**

Plaintiff asks this Court to reconsider its order requiring Plaintiff to pay the filing fee or apply to proceed *in forma pauperis.* (ECF No. 4). He argues that, because he is relying on 28 U.C.C. § 1331—establishing federal question jurisdiction—and 28 U.S.C. § 1343—providing for district court jurisdiction over certain civil rights suits—he does not need to pay the filing fee.

(*Id.*).  However, this Court's filing fee schedule does not differentiate between statutes.  *See Fee Schedule*, U.S. DISTRICT COURT, DISTRICT OF NEVADA, https://www.nvd.uscourts.gov/court-information/fee-schedule/ (last visited March 11, 2022).  The $402 civil filing fee applies to *all* civil suits and parties may only seek an exemption by filing an application to proceed *in forma pauperis*.  Because Plaintiff is seeking to file a civil suit—regardless of the statute under which he brings his claim—he must either pay the filing fee or apply to proceed *in forma pauperis* by submitting this Court's approved form.  The Court thus denies Plaintiff's motion for reconsideration.

### B.  The Court denies Plaintiff's motion for clarification.

Plaintiff's motion for clarification appears to be a supplement to his motion for reconsideration.  (ECF No. 5).  Plaintiff's motion states in its entirety:

> Comes now, Plaintiff Ammar Harris, in pro se, moves this Honorable Court on a motion for clarification on (ECF 4.)
>
> Plaintiff is also relying on, *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056 (citations omitted) (9th Cir. 2007)

In *O'Guinn v. Lovelock Corr. Ctr.*, the Ninth Circuit stated that "[t]he party who brings a suit is master to decide what law he will rely upon." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).  Plaintiff includes this same sentence in his motion for reconsideration.  (ECF No. 4).  But he does not include the case on which he relies for it, citing only "*id*." (*Id.*).  Thus, it appears that Plaintiff is requesting to supplement his motion for reconsideration to include the case from which he obtained the quote.  But even if the Court were to liberally construe Plaintiff's motion for clarification as one to supplement, the supplement would not change the Court's decision on Plaintiff's motion for reconsideration.  The Court thus denies Plaintiff's motion for clarification.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 4) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for clarification (ECF No. 5) is **denied.**

DATED: March 14, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE